UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY T. BOOTH,

        Plaintiff,

v.                                      CASE NO. 05-CV-71703-DT

NANCY L. SPILGLIANO,              PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

        Defendant.
_____/

## ORDER DISMISSING COMPLAINT

### I. Introduction

Plaintiff Anthony T. Booth, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleges that defendant Nancy L. Spilgliano is an administrative law judge who exceeded the scope of her duties by calling witnesses to testify at Plaintiff's preliminary parole revocation hearing. Plaintiff further alleges that Defendant's actions appear to have been biased. Plaintiff seeks money damages and another parole revocation hearing at which all parties and witnesses are present.

### II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A

complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) ("A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6) 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

*Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To successfully establish a *prima facie* case under § 1983, Plaintiff must prove that Defendant acted under color of state law and deprived him of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981)).

Although the facts as alleged indicate that Defendant acted under color of state law when conducting a preliminary parole revocation hearing, Plaintiff has not shown that Defendant deprived him of a federal right. Plaintiff was entitled him to a "neutral and detached" hearing body, *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), but his conclusory allegation that Defendant seemed biased is not a sufficient basis for granting relief. "It is well settled that a pleading fails to state a claim under § 1983 if the allegations are merely conclusory and lack factual specificity." *Davis v. Michigan Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (Zatkoff, J.) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (stating that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and

what *each* defendant did to violate the asserted right") (emphasis in original).  The pending complaint fails to allege any facts supporting Plaintiff's allegation of bias.

In addition, the Court has found no support for the contention that Defendant was not permitted to call witnesses at the preliminary revocation hearing.  The Supreme Court appears to have contemplated the use of witnesses at a preliminary revocation hearing by stating in *Morrissey* that the hearing officer must summarize what occurred at the hearing, including the substance of documents *or evidence* given in support of parole revocation and the parolee's position.  *Morrissey*, 408 U.S. at 487 (emphasis added).

Furthermore, to the extent that Plaintiff is alleging unlawful confinement as a result of Defendant reaching the wrong result, he has no right to money damages, because he has not shown that the presumptive decision to revoke parole was invalidated by state officials or by a federal habeas court.  *Spencer v. Kemna*, 523 U.S. 1, 17 (1998); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Littles v. Board of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995).  Moreover, state administrative law judges enjoy immunity from damages liability.  *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001).

### III.  Conclusion

Plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted.  Therefore, the complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                               s/Paul D. Borman  
                                               PAUL D. BORMAN  
                                               UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 5, 2005.

                                               s/Jonie Parker  
                                               Case Manager